UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRED E. VAN GORDER,

                                       Plaintiff,

    vs.                                                   9:08-CV-281 (NAM/ATB)

M.J. LIRA, et al.,

                                       Defendants.
_____

FRED E. VAN GORDER, Plaintiff *pro se*
CHARLES J. QUACKENBUSH, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter, originally referred to Magistrate Judge Gustave J. Di Bianco, was reassigned to me on January 4, 2010 for Report and Recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).[1] (Dkt. No. 22).

---

[1] Plaintiff claims that Chief Judge Mordue may not refer this case to a Magistrate Judge without plaintiff's consent under 28 U.S.C. § 636(c). Although plaintiff would be correct if that were the section of the law that was used to refer the case to the undersigned, plaintiff misunderstands the basis for Chief Judge Mordue's referral and this court's function in determining defendants' motion.

      The referral to a magistrate judge in this action is pursuant to 28 U.S.C. § 636(b)(1)(B). Under this section of the statute, dispositive motions such as motions to dismiss and for summary judgment may be referred to a magistrate judge for report and recommendation, which the district court reviews *de novo*. No consent of the parties is required because the magistrate judge is not issuing a final decision on the motion, but rather is recommending a decision to the district judge to which the plaintiff will have the opportunity to object if he disagrees with the determination. 28 U.S.C. § 636(b)(1)(C). *See also* FED. R. CIV. P. 72 (making a distinction between referral of dispositive and non-dispositive matters). The Supreme Court has specifically upheld the ability of magistrate judges to handle nonconsensual references in this manner. *McCarthy v. Bronson*, 500 U.S. 136 (1991). Thus, plaintiff's claim that I am unauthorized to hear defendants' motion is meritless.

In this civil rights complaint, plaintiff claims that the defendants have violated his constitutional rights by requiring him to confess to criminal activity that he is currently challenging in state and federal court, as a prerequisite to participation in the Sex Offender Treatment Counseling Program (SOTCP). (Dkt. No. 1) (Complaint at p.4). In the complaint, plaintiff sought only injunctive and declaratory relief. (Compl. at pp.7-8).[2]

Presently before the court is defendants' renewed motion to dismiss this action. (Dkt. No. 20). Defendants originally moved pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim, and in the current motion, they move pursuant to FED. R. CIV. P. 12(b)(1) for lack of jurisdiction. Plaintiff has responded in opposition to this motion. (Dkt. No. 21). For the following reasons, this court will recommend dismissal of the complaint because the 2008 settlement in *Donhauser v. Goord*, 9:01-CV-1535 (N.D.N.Y) precludes plaintiff from bringing most of the claims in this action.[3] To the extent that his claims are not barred by the *Donhauser* settlement, injunctive relief

---

[2] It was unclear whether plaintiff sought damages, because there was no request for damages at the end of the complaint, but the first line of the complaint states that this is "a civil action seeking relief and/or damages. (Compl. at 1, ¶ 1). In a letter, written to defense counsel, dated March 28, 2009, plaintiff states his "position on the contents of [his] complaint." (Quackenbush Decl. Ex. C-2). According to plaintiff, "I am not as the Court mistakenly contends, and again reiterated in my motion in opposition to the motion to dismiss, seeking money damages, although I could very well seek compensation . . . ." *Id.* However, in plaintiff's memorandum of law in opposition to defendants' motion, dated May 12, 2009, he states "Plaintiff in this action seeks damages, injunction and declaration from this Court . . . ." (Pl. Mem. at 1) (Preliminary Statement) (Dkt. No. 21). Based on these inconsistencies, it is completely unclear whether plaintiff is seeking damages. The inconsistencies do not change this court's determination of the issues, and the court will discuss the availability of damages in any event.

[3] This includes any claim for damages based upon the issues resolved in *Donhauser*. As discussed below, the damages in that action were dismissed based on qualified immunity.

2

may only be obtained in his pending habeas corpus action, and plaintiff's claim for damages with respect to the issues not barred by the *Donhauser* decision is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## DISCUSSION

### I. Background and Procedural History

Plaintiff filed his complaint on March 12, 2008. (Dkt. No. 1). Plaintiff is currently serving a five to fifteen year term of incarceration after being convicted of Attempted Rape, First Degree.[4] At the time plaintiff filed his complaint, he alleged that he was currently challenging his conviction in "state and federal courts." *Id*. Plaintiff states that, although he was told that he should participate in the SOTCP, in order for him to do so, he must "sign a full confession." *Id*. Plaintiff alleges that during his term of incarceration, he has completed various programs offered to him by the New York State Department of Correctional Services (DOCS). *Id*. None of these programs have required him to sign a "full confession." *Id*.

Plaintiff states that he has repeatedly refused to sign such a confession, and has asserted his Fifth Amendment right to be free from self-incrimination each time that the program has been offered to him. *Id.* at 5. Plaintiff claims that, as a result of this refusal, he has been denied release at three Parole Board hearings and has been deprived of five years of good time credit. *Id*.

Plaintiff claims that defendants' actions have violated his due process rights

---

[4] In his complaint, plaintiff stated that he was serving his criminal sentence for violations of the New York Penal Law sections 110.00 (Attempt); 130.35 (Rape, First Degree); and 260.10(1) (Endangering the Welfare of a Child). (Compl. at 4.) However, according to the New York State Department of Correctional Services (DOCS) Inmate Look-up service, plaintiff was convicted only of Attempted Rape, First Degree. http://nysdocslookup.docs.state.ny.us.

under the Fourteenth Amendment. *Id.* Plaintiff claims that, in a written statement to the Time Allowance Committee, he claimed that DOCS should not force inmates to give up their Fifth Amendment rights or give up five years of liberty. (Compl. at 5.) Plaintiff claims that, notwithstanding this argument, the Time Allowance Committee still deprived him of his good time, and his appeals were denied without allowing him any further argument on the matter. *Id.* Plaintiff argues that his Due Process right to be heard in a meaningful manner was violated, and that the entire process was a "sham" from start to finish. *Id*.

The complaint contains four causes of action. (Compl. at 6-7.) Plaintiff's first cause of action alleges that defendants violated the Fifth Amendment by "punishing" plaintiff for refusing to sign a confession by taking away five years of good time. Plaintiff's second cause of action alleges a Due Process violation in his appeal from the Time Allowance Committee decision. Plaintiff's third cause of action alleges that plaintiff has been subjected to "quadrupal [sic] jeopardy" because he has been denied parole three times for refusing to sign a full confession; because he has been deprived of five years of good time; because he has been classified as a "level two (2) risk under the SORA[5] as a result; and because he has been consistently denied participation in the Family Reunion Program and the "close to home" program. (Compl. at 6-7.) Finally, plaintiff's fourth cause of action alleges that his Equal Protection rights have been violated because sex offenders, as a class, are the only inmates who are required to sign confessions before participating in a program.

Plaintiff asks the court to declare that the policy of requiring these confessions

---

[5] SORA is the Sex Offender Registration Act, N.Y. CORRECT. LAW § 168 *et seq.*

4

is unconstitutional. (Compl. at 8.) Plaintiff also requested that his five years of good time be restored. Finally, as stated above, in his response to the motion to dismiss, plaintiff states that he is also seeking damages. (Dkt. No. 21 at 3). *See* note 2, *supra.*

On March 27, 2008, the Honorable Norman A. Mordue dismissed plaintiff's request for restoration of his good time and/or immediate release because section 1983 is not the proper vehicle for requests involving the length of confinement, and explaining that the only way to challenge the denial of good time was through an application for writ of habeas corpus.[6] (Dkt. No. 4 at 6-7) (citing *inter alia Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Chief Judge Mordue allowed plaintiff's Fifth Amendment claim to proceed to the extent that plaintiff challenged DOCS policy. (Dkt. No. 4 at 6.)

On June 4, 2008, defendants made a motion to dismiss this action for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 11). On March 18, 2009, Chief Judge Mordue denied defendants' motion without prejudice to renewing the motion. (Dkt. No. 13). In Chief Judge Mordue's order, he discussed *Donhauser v. Goord*, 314 F. Supp. 2d 119, 125-26 (N.D.N.Y. 2004). In *Donhauser,* the Honorable David N. Hurd certified a class of "[c]urrent or former New York State prisoners who have lost or been denied good time credits or have been threatened with the loss or denial of good time credits because of a refusal to admit guilt to criminal sexual

---

[6] Plaintiff currently has an application for habeas corpus relief pending in the Northern District of New York, challenging the denial of his good time. *See Van Gorder v. Fischer*, No. 9:08-CV-1358 (FJS)(filed Dec. 19, 2008). In one of his orders, Chief Judge Mordue cited the other petitions for habeas relief that have been filed by Mr. Van Gorder. (Dkt. No. 13 at 3-4 n.4.) These other applications are not relevant to this recommendation, and this court need not repeat them herein.

5

conduct as part of the Sexual Offender Counseling Program. *Donhauser v. Goord*, 9:01-CV-1535 (N.D.N.Y Feb. 15, 2005) (Dkt. No. 127).  Chief Judge Mordue noted that defense counsel had not sufficiently discussed the effect of *Donhauser* on this case, and that it was possible that plaintiff had already obtained all the relief he sought other than the restoration of good time or release on parole. (Dkt. No. 13.)

On April 21, 2009 defense counsel made the present motion, arguing that plaintiff is a member of the *Donhauser* class, and subject matter jurisdiction over plaintiff's action is precluded by *res judicata*.  (Dkt. No. 20).  Plaintiff strenuously opposes defendants' motion, arguing that he is not a member of the *Donhauser* class, that defendants have ignored plaintiff's claims that he was denied due process during his Time Allowance Committee proceedings; and that he was denied Equal Protection because only sex offenders as a class are required to sign confessions before entering DOCS programs. (Dkt. No. 20).

## II. **Defendants' Motion**

Defendants move to dismiss pursuant to FED. R. CIV. P. 12(b)(1), arguing that subject matter jurisdiction over plaintiff's claims is precluded under the doctrine of *res judicata* by the settlement in *Donhauser v. Goord*. 9:01-CV-1535. (Dkt. No. 20-1 at 3-6.)  However, in *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994), the Second Circuit held that "the doctrine of *res judicata* . . . in no way implicates jurisdiction."  A *res judicata* defense should be raised in a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). *Id.* (citations omitted).

The mootness doctrine, however, is jurisdictional. *Cobos v. Unger*, 534 F. Supp. 2d 400, 403 (W.D.N.Y. 2008).  This doctrine is based on the constitutional

requirement that a "case or controversy" must be present at all times during a litigation. *Id.*(citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). *See also* U.S. CONST. art. III, § 2 cl.1. Where the issues in a case are no longer "live" or the party lacks a legally cognizable interest in the outcome, the action may be dismissed as moot. *Id.* Because mootness is jurisdictional, the court may even consider it *sua sponte*. *Id.* (citing *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001)).

Although defendants in this case made a motion to dismiss for lack of subject matter jurisdiction, they argued that the case was barred by *res judicata*, a defense that is not jurisdictional. They did not argue that the case was moot. Regardless of the basis for defendants' motion, this court may always review any action for mootness[7] and an *in forma pauperis* action for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). The statute is clear that the court may dismiss the action ***at any time*** if the court determines that the action "(ii) fails to state a claim on which relief may be granted." *Id. See Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000).

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (quoting *inter alia ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering dismissal for failure to state a claim, the court must construe the

---

[7] *Cobos, supra.*

complaint liberally, accept all plaintiff's factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citations omitted). *Johnson v. James*, No. 09-1933-cv, 2010 U.S. App. LEXIS 2546, *3-4 (2d Cir. Feb. 10, 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

This court finds that the settlement in *Donhauser* precludes most of the relief for plaintiff in this action, and therefore, the complaint may be dismissed for failure to state a claim upon which relief may be granted and as moot.  To the extent that *Donhauser* does not address plaintiff's claims, the remainder of the complaint may be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(2).

### III.    Effect of *Donhauser* on Plaintiff's Claims

Class actions are based "on the notion that the interests of all class members are fully represented through the class representatives and through class counsel." *Muhammad v. Warithu-Deen Umar*, 98 F. Supp. 2d 337, 340-41 (W.D.N.Y. 2000). All members of the class, including absent and future members are equally bound by a class action judgment. *Id.* (citing *inter alia County of Suffolk v. Long Island Lighting Co.*, 14 F. Supp. 2d 260, 266 (E.D.N.Y. 1998)).  A judgment in favor of the plaintiff class extinguishes the claim, and basic principles of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) apply. *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 874 (1984) (citations omitted).

#### A.    *Res Judicata*

The doctrine of *res judicata* provides that a "final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Caruso v. Candie's, Inc.*, 201 F.R.D. 306, 311 (S.D.N.Y. 2001) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) (internal quotation marks omitted). The court must determine whether the prior action was (1) a final decision on the merits, (2) the litigants were the same parties or their privies, (3) the prior court was of competent jurisdiction, and (4) the causes of action were "integrally related" to the claims determined in the prior action. *Muhammad*, 98 F. Supp. 2d at 341 (citations omitted); *Gonzalez v. City of New York*, 396 F. Supp. 2d 411, 415 (S.D.N.Y. 2005) (citing *Corbett v. McDonald Moving Servs., Inc.*, 124 F.3d 82, 87-88 (2d Cir. 1997)).

### B. Collateral Estoppel

Even if plaintiff's entire claim is not precluded, the doctrine of collateral estoppel bars the relitigation of *issues* that were actually litigated and decided in a prior proceeding, as long as that determination was essential to that judgment. *Muhammad*, 98 F. Supp. 2d at 342 (citing *inter alia Central Hudson Gas & Electric Corp. v. Empresa Naviera Santa, S.A.*, 56 F.3d 359, 368 (2d Cir. 1995)). Four elements must be met in order to apply collateral estoppel: (1) the issue in both cases must be identical, (2) the relevant issue must have been actually litigated and decided in the prior proceeding, (3) plaintiff must have had a full and fair opportunity to litigate in the prior proceeding, and (4) the issue in question must have necessary to the prior judgment. *Id.*

### C. Application of Preclusion Standards

A class action settlement, including a dismissal with prejudice is a final

decision on the merits. *Muhammad*, 98 F. Supp. 2d at 342 (citing *Cahill v. Arthur Andersen Co.*, 659 F. Supp. 1115, 1120 (S.D.N.Y. 1986), *aff'd*, 822 F.2d 14 (2d Cir. 1987)). Thus, the first requirement for *res judicata* is met. There is no dispute that Judge Hurd's decision was from a court of "competent jurisdiction." Since two of the four requirements are met, the questions for *res judicata* are whether plaintiff was a class member, and whether the causes of action in *Donhauser* and in this case are "integrally related." Plaintiff argues that he is not a member of the *Donhauser* class, and the issues in *Donhauser* are not the same as the issues he is raising in this action. (Pl. Mem.) (Dkt. No. 21). In his memorandum of law in opposition to defendants' motion to dismiss, plaintiff also alleges that he was never given the opportunity to opt out of the class. (Pl. Mem. at 4).

### 1. Class Membership

The class certified by Judge Hurd was defined as "[c]urrent or former New York State prisoners who have lost or been denied good time credits or have been threatened with the loss or denial of good time credits because of a refusal to admit guilt to criminal sexual conduct as part of the Sexual Offender Counseling Program." *Donhauser v. Goord*, 9:01-CV-1535 (N.D.N.Y. Feb. 15, 2005) (Dkt. No. 127). If plaintiff is a class member, then he is a party, albeit an absent one, to the prior litigation. Although plaintiff attempts to distinguish himself from the class members in *Donhauser* by stating that he is raising different or additional claims, this alone would not take him out of membership in the class. *See e.g. Taylor v. New York State Dep't of Correction*, 9:07-CV-1288, 2009 U.S. Dist. LEXIS 105487 (N.D.N.Y. Aug. 17, 2009) (Treece, M.J.), *modified by* 2009 U.S. Dist. LEXIS 100977 (N.D.N.Y. Oct.

10

29, 2009) (denying dismissal only as to claims that were different from those in *Donhauser*).

Although in his memorandum of law in opposition to the motion to dismiss, plaintiff goes to great lengths to distinguish himself from the members of the *Donhauser* class, a reading of his complaint shows that plaintiff's claims are almost identical to those raised in *Donhauser*. Plaintiff's first cause of action alleges that defendants violated plaintiff's Fifth Amendment rights "during his appeals process" by "punishing" him with the removal of five years of good time for refusing to sign a confession as a prerequisite to entering the program. (Compl. at 6) (Dkt. No. 1). Plaintiff argues that the fact that he claims interference with his "appeals process"[8] makes him different from the other class members who were simply afraid that their admissions would be used in future prosecutions. The definition of the class, however, does not specify the alleged harm that could flow from the signed confessions. The focus is on the constitutional right allegedly violated.[9]

The second cause of action alleges that he was denied due process in his appeal to the Time Allowance Committee. (Compl. at 6). The third cause of action alleges

---

[8] Plaintiff is referring to the "appeals" of his criminal conviction.

[9] In any event, plaintiff did not give up his right to "appeal." Any claim regarding appeals would be moot at this point since plaintiff's criminal appeals in New York State court were concluded many years ago, and the habeas petition challenging his criminal conviction was concluded approximately two years ago. *See Van Gorder v. Allerd*, 387 F. Supp. 2d 251 (W.D.N.Y. 2005), *reconsideration denied*, 2008 U.S. Dist. LEXIS 24522 (N.D.N.Y. March 26, 2008). Any claim for damages would be dismissed based on Judge Hurd's finding that defendants are entitled to qualified immunity from damages due to the uncertainty in the law. *Donhauser*, 314 F. Supp. 2d at 138. Thus, regardless of plaintiff's attempt to distinguish his claim from *Donhauser*, the result is the same with respect to his self incrimination claims.

11

that he has been subjected to "quadrupal [sic] jeopardy"[10] because he was denied parole three times for refusing to sign a full confession, and he "suffered the loss of five (5) years of "Good Time" allowance as a result of refusing to sign a full confession . . . ." *Id.* In this cause of action, he also alleges that because of this refusal, he had been denied participation in other programs, such as the Family Reunion Program or the "close to home programs." (Compl. at 7). Finally, plaintiff's fourth cause of action states that the Department of Correctional Services does not have the authority to require such confessions as a prerequisite to program participation, and that only sex offenders as a class of prisoners are required to sign any kind of confession in order to participate in a rehabilitative program. *Id.*

Clearly to the extent that plaintiff claims that he has either lost or been threatened with loss of good time credits for his refusal to admit guilt, he is a member of the class. The court will proceed to consider whether the other issues raised in the complaint are identical to those in *Donhauser* to determine whether and to what extent *res judicata* or collateral estoppel should be applied to bar his claim.

### 2. Identity of Issues

Plaintiff's claims relating to the denial of good time credits are clearly identical to the claims in *Donhauser*. This would include his first, third, and part of his fourth causes of action. Plaintiff's second claim is that he was denied due process at the Time Allowance Committee. Plaintiff alleges that, in a written statement to the

---

[10] To the extent that plaintiff is attempting to make a double jeopardy claim that is separate from his other Fifth Amendment argument, it is well-settled that sentencing administration statutes are not "criminal" for purposes of Double Jeopardy analysis. *See Sash v. Zenk*, 439 F.3d 61, 63-64 (2d Cir. 2005).

committee, he argued that he could not be forced to choose between incriminating himself and giving up five years of good time. (Compl. at 5). Plaintiff alleges that "without affording plaintiff the opportunity to further argue the matter on appeal, defendant Lira sent the decision to the facility superintendent who affirmed the committee decision, then forwarded his decision to defendant Fischer who [also] affirmed the decision." *Id.*

In *Taylor*, Magistrate Judge Treece found that Taylor's claim that he was denied due process[11] during his appearance before the Time Allowance Committee was not alleged in *Donhauser,* nor was it disposed of through the Settlement agreement. *Taylor*, 2009 U.S. Dist. LEXIS 105478 at *18. This finding was one of those adopted by Chief Judge Mordue in *Taylor*.[12] Thus, to the extent that plaintiff in this case claims that he was denied due process in connection with the Time Allowance Committee review, it is not identical to the claims raised in *Donhauser*. The court also finds that since plaintiff seems to claim that his own due process rights were violated during the Time Allowance Committee appeals, that issue is unrelated to the Fifth Amendment issue and could not have been raised in the *Donhauser* case.

The second part of plaintiff's fourth claim alleges that only sex offenders are required to sign confessions prior to participating in any kind of program, and thus, he

---

[11] The plaintiff in *Donhauser* raised a due process claim, but it was not the same claim as raised by this plaintiff. (*Donhauser* Compl. at ¶ 19).

[12] The court notes that Magistrate Judge Treece based his decision on mootness grounds. He found that seven claims alleged by plaintiff Taylor were not precluded by the settlement agreement in *Donhauser*. 2009 U.S. Dist. LEXIS 105478 at *11-18. Chief Judge Mordue adopted the recommendation for all but one of the claims. Although Magistrate Judge Treece found that Taylor's claim that he was forced to implicate family members was not part of *Donhauser*, Chief Judge Mordue disagreed. 2009 U.S. Dist. LEXIS 10097 at *3-5.

13

has been denied Equal Protection. This does not appear to have been an issue that was decided by the *Donhauser* class action.

Since plaintiff raises some issues in this case that are different than those in *Donhauser*, and may not have been available in that action, the doctrine of *res judicata* does not apply to bar the entire action. However, collateral estoppel applies to bar the issues that were actually litigated and decided in *Donhauser*. A review of the four criteria for collateral estoppel shows that the Fifth Amendment issue was clearly identical, actually litigated, and decided in *Donhauser*. The Fifth Amendment issue was also necessary to the final judgment in *Donhauser*. The court must now determine whether plaintiff had a full and fair opportunity to litigate the issue.

### 3. Opportunity to Litigate

A class action judgment is binding on all class members who did not opt out of the class. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940). An exception to this rule exists with respect to "absent" members of the class if they were not afforded due process. *Id.* This means that the "preclusive effect of the prior judgment will depend on whether members received adequate notice, an opportunity to appear and be heard, an opportunity to opt out of the class[,] and adequate representation." *Id.* (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985)).

Plaintiff in this case does not challenge the adequacy of the representation in *Donhauser*. Although plaintiff seems to argue that he was not given appropriate notice, his allegations are unfounded, and plaintiff himself has made inconsistent statements regarding the notice that he received. It is clear from the *Donhauser* settlement, that notice of the proposed settlement was issued by Judge Hurd on May

13, 2008 and posted throughout DOCS in various parts of every facility.[13] (Quackenbush Decl. Exs. A & B) (Dkt. Nos. 20-3, 20-4).  The notice provided for class members to object to the proposed settlement. Ex. A at 3-5.

In his memorandum of law, plaintiff acknowledges that the notice provided for objections to the settlement, but states that the notice was deficient because it did not authorize and class members to "opt out." (Dkt. No. 21 at 4).  While plaintiff's statement about the notice is correct in that there was no provision for plaintiffs to "opt out," the ability to opt out of a class is only a requirement in classes certified under FED. R. CIV. P. 23(b)(3). *See* FED. R. CIV. P. 23(c)(2)(B).  Allowing a plaintiff to opt out of a Rule 23(b)(1) or (2) class is discretionary with the court. *See McReynolds v. Richards-Cantave*, 588 F.3d 790, 300 (2d Cir. 2009).

Due process concerns regarding the "opt out" opportunity may arise in classes certified under FED. R. CIV. P. 23(b)(3) when monetary relief is sought in addition to injunctive relief. *Haddock v. Nationwide Financial Servs.*, 262 F.R.D. 97, 121 (D. Conn. 2009).  In *Donhauser*, Judge Hurd dismissed the plaintiffs' damage claims based on qualified immunity, thus, the only issue was one of injunctive relief. *Donhauser*, 314 F. Supp. 2d at 138. Thus, Judge Hurd's failure to provide for members of the class to opt out did not deprive plaintiff of due process, nor did it prevent plaintiff from having a full and fair opportunity to litigate the Fifth

---

[13] The settlement agreement itself stated that the notice was "posted in all facility law libraries, general libraries, inmate housing areas, and all Sex Offender Counseling and Treatment Program housing and programming areas, and provided to the Inmate Liaison Committee and the Inmate Grievance Resolution Committee at each correctional facility beginning on or before May 30, 2008." (Ex. B at 3, ¶ K).  The agreement further states that the notice was supplemented by adding the proposed "Private Settlement Agreement" itself, and they remained posted until "at least August 29, 2008." *Id.*

Amendment issue.

Defense counsel has submitted a letter written by plaintiff stating that "[w]hen the proposed settlement was published[,] I read the proposal and found that nothing addressed my situation.  I decided that my recourse was to seek relief through the Court on my own." (Quackenbush Decl. Ex. C-2) (Dkt. No. 20-6).  Plaintiff states he saw the notice, but decided that it did not apply to him and, thus, chose not to object to the settlement proposal.  His belief that he did not meet the criteria for class membership and his choice not to object to the settlement does not change this court's finding.

Thus, this court finds that all of plaintiff's claims relating to his Fifth Amendment rights should be dismissed as barred by collateral estoppel.   The only claims that could conceivably proceed are his due process claims relating to the Time Allowance Committee and his Equal Protection claim, alleging that only sex offenders are forced to sign confessions prior to entering rehabilitative programs.

**IV.**     **Due Process and Equal Protection Claims**

Plaintiff claims that his due process and equal protection rights were violated by the Time Allowance Committee.  Although as stated above, these claims appear to be different from those in *Donhauser*, plaintiff has raised *identical* claims in the habeas corpus petition that is currently pending in this court. *See Van Gorder v. Superintendent*, 9:08-CV-1358 (Amended Petition, Pl. Traverse) (Dkt. Nos. 4, 12).  These claims are more properly determined in conjunction with the habeas petition.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the

plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87. *Edwards v. Balisok*, 520 U.S. 641 (1997) extended the rationale in *Heck* to section 1983 challenges to prison disciplinary proceedings in which a decision in plaintiff's favor would necessarily reverse the administrative decision revoking a plaintiff's good-time credits, thereby affecting the length of the plaintiff's confinement. 520 U.S. at 644.

The Supreme Court has held that civil rights actions were not precluded by *Heck* and *Balisok* where prisoners were challenging the constitutionality of the parole procedures *per se*. *Wilkinson v. Dotson*, 544 U.S. 74 (2005). The Supreme Court found that the relief sought in *Wilkinson* would not necessarily result in the shortening the length of the sentence imposed. *Id.* at 81-82. In such a case, habeas corpus would not be the "exclusive" remedy. *Id. Wilkinson* has been distinguished in cases, such as this one, in which the inmate was challenging the due process violations in his own proceeding. *See Archer v. Fischer*, 325 Fed. Appx. 9 (2d Cir. 2009) (summary order); *Caroselli v. Smith*, 9:06-CV-1371, 2009 U.S. Dist. LEXIS 94392, *10-11 (N.D.N.Y. Oct. 9, 2009).

In this case, plaintiff's pending habeas petition makes the two identical claims that remain in this case. The habeas petition is based upon the deprivation of good time based upon his refusal to sign a confession prior to participating in the SOCTP. Plaintiff's habeas claim is that the "[r]espondents ignored petitioner's constitutional rights and withheld all (5) years of good time as a result." Amended Petition in 9:08-

CV-1358 at 4.  Plaintiff states in his habeas petition that the only reason that plaintiff's good time was withheld was because of his failure to participate in the SOCTP. 9:08-CV-1358 (Dkt. No. 4 at 6).  A decision in plaintiff's favor in this case would affect the length of his confinement because plaintiff is asking for the return of his five years of good time in the habeas.  Thus, plaintiff's final two claims may be dismissed pursuant to *Heck v. Humphrey*.

    **WHEREFORE**, based on the findings above, it is

    **RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 20) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM.**[14]

    Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: March 15, 2010

                                            *[signature]*
                                            Hon. Andrew T. Baxter
                                            U.S. Magistrate Judge

---

[14] The court notes that it could recommend dismissal of the Fifth Amendment claims based on mootness and/or failure to state a claim based on collateral estoppel.  Plaintiff's other claims would have to be dismissed based on failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).  Thus, the court will simply recommend dismissal of the entire complaint for failure to state a claim.  The distinction is not relevant to the result.