UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Fred E. VanGorder,**
                              **Plaintiff,**

                   **-v-**                                        **9:08-CV-281 (NAM/ATB)**

**M.J. Lira, Deputy Superintendent for Programs, Altona**
**Correctional Facility, and Brian Fischer, Commissioner,**
**NYS Department of Correctional Services,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES
Fred E. VanGorder
98-B-1978
Altona Correctional Facility
555 Devil's Den Road
Altona, New York 12910
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo
Attorney General of the State of New York
Charles J. Quackenbush, Esq., Assistant Attorney General
The Capitol
Albany , New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this *pro se* action under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by requiring him to confess to criminal activity as a prerequisite to participation in the Sex Offender Treatment Counseling Program ("SOTCP"). Plaintiff claims that, as a result of this violation, he has been denied parole and lost good time credits. Plaintiff seeks a declaration that the DOCS practice is unconstitutional and an injunction directing DOCS to cease the practice, restore his good time, and direct his release on parole. In his opposition to

the motion, plaintiff also requests money damages, although they are not demanded in the complaint.  Presently before the Court is defendants' motion for dismissal (Dkt. No. 20).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge Andrew T. Baxter submitted a Report and Recommendation (Dkt. No. 23) recommending that the motion be granted and the action dismissed on a number of grounds, in particular that the October 17, 2008 class action settlement in *Donhauser v. Goord*, 9:01-CV-1535 (N.D.N.Y) ("*Donhauser*") precludes plaintiff from bringing most of the claims in this action.  Plaintiff objects (Dkt. No. 24).  In view of plaintiff's objections, the Court conducts *de novo* review of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C).

In the first cause of action of the complaint (Dkt. No. 1), plaintiff claims defendants have violated the Fifth Amendment by punishing him for "refusing to give up the right to be free from self incrimination during [the] appeals process [and] by taking away an additional five (5) years of liberty for refusing to sign a full confession."  The Court agrees with Magistrate Judge Baxter that this cause of action is precluded by the *Donhauser* settlement.  Plaintiff raises no legitimate basis upon which to exempt him from the *Donhauser* class, to hold that he is not barred from asserting claims resolved by the settlement, or to hold that the settlement does not cover this cause of action.[1]

---

[1] The class action settlement in *Donhauser v. Goord*, 9:01-CV-1535, signed by District Judge David N. Hurd on October 17, 2008, defined the plaintiff class as "current or former New York State prisoners who have lost or been denied good time credits or have been threatened with the loss or denial of good time credits because of a refusal to admit guilt to criminal sexual conduct as part of the Sexual Offender Counseling Program."

It provided that it settled "all claims, including but not limited to the claims for declaratory and injunctive relief set forth in plaintiff's Second Amended Complaint" and "all claims or potential claims for injunctive relief identified in the Comp and that could arise from the allegations contained in the

(continued...)

The second cause of action, claiming denial of procedural due process in connection with plaintiff's appeal to the Time Allowance Committee, appears to state a claim distinct from the claims resolved by *Donhauser*, and thus would not be affected by the settlement. This cause of action is not, however, cognizable under 42 U.S.C. § 1983. Plaintiff's challenge to the procedure followed by the Time Allowance Committee would, if successful, necessarily imply the invalidity of the deprivation of his good-time credits. Because plaintiff's success on this cause of action would necessarily affect the duration of his confinement, any claim for injunctive or declaratory relief must be pursued in plaintiff's *habeas corpus* proceeding, not in this section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Moreover, so long as the Time Allowance Committee determination stands, plaintiff cannot pursue money damages for any alleged defect in the proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The third cause of action alleges "quadruple jeopardy." It is based on the same contentions that are precluded by the *Donhauser* settlement. Moreover, as Magistrate Judge

---

[1](...continued)
Complaint." It characterized the second amended complaint as alleging that:
> ...various [DOCS] officials "violated the plaintiff's Fifth Amendment right against self-incrimination by denying him parole and threatening to deny him good time based on his refusal to participate in DOCS' Sex Offender Counseling Program (SOCP), a therapeutic program for sex offenders that requires participants to discuss their history of sexually offending behavior. Plaintiff alleged that if he refused to divulge such information in connection with the SOCP, he would automatically lose his good time credits. Plaintiff alleged that this constituted a violation of his Fifth Amendment right against self-incrimination.

The settlement provided that upon admission of any inmate into any SOCTP program, DOCS would provide "Limits of Confidentiality, Partial Waiver of Confidentiality and Acknowledgment" form, the terms of which were prescribed by the settlement.

The settlement provided that it "resolve[d] all claims or potential claims for injunctive relief identified in the Complaint and that could arise from the allegations contained in the Complaint."

Baxter observes, sentencing-administration statutes are not "criminal" for purposes of double jeopardy analysis. *See Sash v. Zenk*, 439 F.3d 61, 63-64 (2d Cir. 2006).

The fourth cause of action claims that due to the requirement that he sign a confession in order to participate in rehabilitative programs, plaintiff "will suffer substantial loss on pending appeals." Such claims, like those in the first cause of action, are precluded by *Donhauser*. The fourth cause of action also includes a claim that the requirement of a signed confession violates the Equal Protection clause because it is imposed on only one class of prisoners, *i.e.*, convicted sex offenders. As Magistrate Judge Baxter states, this equal protection claim differs from the equal protection claim asserted in the *Donhauser* case; however, this claim would, if successful, necessarily imply the invalidity of the deprivation of his good-time credits, and thus is barred by *Preiser* and *Edwards*.

Plaintiff's papers in opposition to the motion and his objection to the Report and Recommendation have thoroughly and vigorously addressed all the issues upon which this dismissal is based. In reviewing the matter, Magistrate Judge Baxter and this Court have accorded him every benefit due to a *pro se* litigant. To the extent that defendants' motion should properly have been made under Fed. R. Civ. P. 12(b)(6) instead of Fed. R. Civ. P. 12(b)(1), plaintiff clearly has not been prejudiced in any respect. In any event, as Magistrate Judge Baxter notes, this case is plainly subject to dismissal under 28 U.S.C. § 1915(e)(2). Accordingly, upon *de novo* review, the Court dismisses the complaint.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 23) of United States Magistrate Judge Andrew T. Baxter is adopted and accepted; and it is further

ORDERED that the motion (Dkt. No. 20) is granted; and it is further

ORDERED that the complaint is dismissed.

IT IS SO ORDERED.

Date:   March 30, 2010

_____
Norman A. Mordue
Chief United States District Court Judge